EARL HOPKINS, DOING BUSINESS AS HOPKINS HEATING AND PLUMBING, PLAINTIFF AND RESPONDENT, *v.* SCHOOL DISTRICT NO. 40, MISSOULA COUNTY, MONTANA, ET AL., DEFENDANTS AND APPELLANTS.

No. 9683.

Submitted March 21, 1958. Decided June 25, 1958.

327 Pac. (2d) 395.

Forrest H. Anderson, Atty. Gen., Robert L. Word, Jr., Asst. Atty. Gen., J. M. Kurtz, County Atty., Missoula, for appellants.

Shallenberger & Paddock, Jewell & Root, Missoula, for respondent.

MR. JUSTICE ANGSTMAN:

Plaintiff and defendant School District entered into a con-

tract on June 28, 1952, whereby plaintiff agreed to install a heating and plumbing system in a building of defendant School District and agreed that the work should be substantially completed by October 1, 1952. The agreement, among other provisions, contained this paragraph:

"Any disagreement arising out of this contract or from the breach thereof shall be submitted to arbitration, and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other. The arbitration shall be held under the Standard Form of Arbitration Procedure of the American Institute of Architects or under the Rules of the American Arbitration Association."

Defendant School District being unwilling to have the matter submitted to a board of arbitration, plaintiff on April 12, 1954, commenced action No. 20029 in the district court of Missoula County to recover the sum of $7,119.43, together with interest, as the balance alleged to be due under the contract. After an answer was filed in that action, and on August 7, 1954, counsel for the respective parties signed the following stipulation:

"It is hereby stipulated by and between the parties hereto, acting by and through their attorneys of record, that the above-entitled case may be dismissed without prejudice, it being understood that the said cause and matters therein involved are to be submitted to arbitration."

The action was accordingly dismissed. On October 1, 1954, the following appointment of arbitrators was made:

"Whereas a disagreement is now existing between Earl Hopkins, doing business under the firm name and style of Hopkins Plumbing and Heating, and School District No. 40, Missoula County, Montana.

"And Whereas said disagreement arises out of a contract between said parties dated June 28, 1952, and which said contract provides that any such disagreement shall be submitted

to arbitration and the deceision of the arbitrators shall be a condition precedent to any right of legal action by either party.

"Now Therefore, we, the undersigned, do designate and appoint as arbitrators in said dispute W. M. Walterskirchen, Roscoe Hugenin and E. L. Cole, Mr. Walterskirchen being selected by School District No. 40, Mr. Hugenin being selected by Earl Hopkins and Mr. Cole being selected by Mr. Walterskirchen and Mr. Hugenin.

"Dated this 1st day of October, 1954.

"/s/ Earl Hopkins
"Earl Hopkins
"/s/ C. W. Fairbank
"C. W. Fairbank

Trustee

"/s/ William Lucier
"William Lucier

Trustee

"/s/ Martha D. Rose
"Martha D. Rose

Trustee

"School District No. 40."

The arbitrators obtained the regulations of the American Institute of Architects and assumed to follow them. They met on numerous occasions, took testimony, viewed the premises and inspected the work, interviewed various persons and on November 17, 1954, made a report of their "proceedings" which, supplemented by a written communication of the same date reciting that two items aggregating $4,010.68 were undisputably owing to plaintiff, reached the conclusion that there was owing to plaintiff from defendant School District the sum of $3,551.70.

This, as above noted, is about one-half of what plaintiff sought in action No. 20029.

The report shows that thirty-eight separate items were considered by the arbitrators, some items represented claims asserted by plaintiff, and some claims asserted by defendant

School District. No useful purpose would here be served in showing each claim and the amount allowed on each.

It is sufficient to say that some claims were allowed in their entirety, others rejected in their entirety and still others allowed in part and rejected in part. Neither party attacked the report of the arbitrators in any manner and no attempt was made to appeal from it.

In February 1955, plaintiff brought this action to enforce the report of the board of arbitrators as modified by the written letter relating to the two items not in dispute.

Defendants filed an answer admitting that plaintiff performed work and labor and furnished materials for the defendant School District, admitting the institution by plaintiff of action No. 20029 and its dismissal upon stipulation that the cause be submitted to arbitration and the appointment of the arbitrators.

It denied generally the other allegations of the complaint, and then alleged that the arbitration was "arbitrarily and illegally held, was in excess of authority of the arbitrators and was held before arbitrators not qualified by law." It further alleged that the arbitrators were "guilty of misconduct and committed gross error in hearing and refusing to hear pertinent evidence and otherwise acted improperly and in such a manner that the rights of the defendants were prejudiced and the entire arbitration thereby rendered null and void."

The reply put in issue the allegations of new matter contained in the answer.

The cause was tried to the court without a jury resulting in findings of fact and conclusions of law and judgment in favor of plaintiff for the sum of $3,551.70, together with interest as found by the board of arbitrators in its report and supplemental letter.

The appeal is by defendants from the judgment. The findings recite the facts above alluded to regarding the filing of action No. 20029, its dismissal pursuant to a stipulation for

arbitration, and the appointment of the board of arbitrators and its award.

Findings VIII, IX and X specifically dispose of questions urged by appellant regarding the irregularity of the award made by the arbitrators and their failure to follow the regulations of the American Institute of Architects. The appeal questions the correctness of those findings. They are as follows:

"VIII. That the defense of the School District, defendant herein, in refusing to pay the amount found by the said arbitrators to be owing to the said plaintiff (the amount of $3,-551.70) is that certain witnesses were not called before the Board who should have been called; that they, the said arbitrators, consulted one of the counsel for the plaintiff, Hopkins. But it is not urged that the Board of Arbitrators was in any way improperly influenced. It is further urged that no notice of the time and place of the meeting of the Board of Arbitrators was given the parties and that the school district had no opportunity to present their evidence to the said Board, and that the several members of the Board were not sworn before they commenced the performance of their duties as arbitrators. It is further urged that the Board, in their consideration of this cause, exceeded their jurisdiction, and by reason thereof the defendant trustees ask that the award be set aside under the provisions of section 93-201-7, R.C.M. 1947, upon the following grounds: (1) Misconduct; (2) Gross error in refusing to hear pertinent evidence; (3) Improper action by which the rights of the defendant School District were prejudiced; and (4) Because the arbitrators exceeded their powers in making the said award.

"IX. The court finds there is no competent evidence of fraud or misconduct on the part of the said arbitrators. A reading of their award shows that they carefully considered each point in dispute—thirty-eight items; they called many witnesses. An examination of the summary of the award does not disclose any prejudice on the part of the said arbitrators against the School District, for, at least one-half of the disputed

points are decided by the said arbitrators in favor of the said School District and against Hopkins, the plaintiff * * * Most of these disputes, as disclosed by claims No. 1 to 39, inclusive, arose from the fact there were certain change orders made by the trustees, thus departing from the original plans and specifications. The arbitrators, it appears, expended a large amount of time, patience and pains to ascertain the facts, and interviewed all persons who could give them any information on the disputed items. The Court finds as a Finding of Fact that there was no prejudice on the part of said arbitrators, and that they made a sincere, honest and industrious effort to render a fair and just award. The Court finds that while it is true the arbitrators consulted counsel for Hopkins, the plaintiff, yet the said arbitrators also consulted counsel for the school trustees.

''X.   The court finds * * * there is no showing * * * that the trustees were denied the right to submit any evidence they might wish to submit. The Court finds that one of the trustees, Mrs. Martha D. Rose, was not called before the Board to testify, but there is no showing that she had any evidence in mind that she wished to offer to the Board. The Court finds there is no showing that the said School District would have offered any evidence in addition to what the arbitrators actually received, or what was adduced before the said arbitrators. There is no showing of any injury or harm sustained by the District, because actual notice was not given of the date of any particular meetings of the Board. The Court further finds that these arbitrators are all able and skilled men; two of them are engineers, and one is an architect. Each and all of them particularly fitted and competent to decide the somewhat technical issues involved herein, and submitted to them as a Board of Arbitrators.''

We have carefully studied the record and find ample evidence sustaining the findings of the trial court. Other irregularities complained of and not specifically referred to in the court's findings do not appear to have affected any sub-

536

stantial right of defendant School District. Under the principles announced in McIntosh v. Hartford Fire Insurance Co., 106 Mont. 434, 78 Pac. (2d) 82, 115 A.L.R. 1164, the judgment must be affirmed. We assume, without so deciding, that defendants' answer presented issues for consideration a question which may well be debated on the ground that defendants sought to attack the award collaterally without seeking to have it vacated or modified on motion as provided in sections 93-201-7 and 93-201-8, R.C.M. 1947, and on the ground that the answer lacked fact allegations as distinguished from conclusions of law.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES and ADAIR, and THE HONORABLE W. R. FLACHSENHAR, District Judge, sitting in place of MR. JUSTICE BOTTOMLY.